**TA LEGAL GROUP PLLC**
Taimur Alamgir, Esq.
Matthew J. Daidola, Esq.
205 E Main Street, STE 3-2
Huntington, NY 11743
(914) 552-2669
(631) 942-7399
tim@talegalgroup.com
matthew@talegalgroup.com
*Attorneys for Plaintiff and Class Members*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL GONZALEZ, *on behalf of himself and Class Members,*<br><br><br>Plaintiff,<br><br>- against -<br><br>355 RESTAURANT GROUP LLC, 355 RESTAURANT MANAGEMENT GROUP LLC, THUMBS CAPITAL GROUP, LLC, SANDO SUPPLIES LLC, PIR GRANOFF, MATTHEW ARNOLD, RAPHAEL KHUTORSKY, ILAN KHUTORSKY, and JECKSON LEONARDO,<br><br>Defendants, | **Case No.:**<br><br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, Daniel Gonzalez ("Plaintiff" or "Gonzalez"), by and through his undersigned

counsel, TA Legal Group PLLC, hereby files this Class Action Complaint (the "Complaint")

against the Defendants[1] named herein, and alleges as follows:

---

[1] Defendants 355 Restaurant Group LLC, 355 Restaurant Management Group LLC, Thumbs Capital Group, LLC, Pir Granoff, and Matthew Arnold are hereinafter collectively referenced as the "355 Defendants." Defendants Sando

## CLAIMS

1.      Plaintiff Daniel Gonzalez brings this action to address Defendants' systemic wage-and-hour violations in connection with his employment at the restaurant and bar "Short Stories" located at 355 Bowery in Manhattan.

2.      Plaintiff asserts claims individually under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, against all Defendants, for unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

3.      Plaintiff further asserts claims individually under the New York Labor Law ("NYLL"), against all Defendants, for unpaid regular and overtime wages, statutory penalties for wage notice and wage statement violations, liquidated damages, and attorneys' fees and costs.

4.      Plaintiff further asserts claims pursuant to Fed. R. Civ. P. 23 on behalf of Class Members (as defined below) for unpaid spread-of-hours premiums under the NYLL and its implementing regulations, together with liquidated damages, statutory penalties, and attorneys' fees and costs, against all Defendants.

## PARTIES

5.      Plaintiff Daniel Gonzalez is an individual residing in Kings County, New York. From approximately November 14, 2022 until February 7, 2023, Plaintiff was a non-exempt employee of Defendants.

6.      Defendant 355 Restaurant Group LLC is a foreign limited liability corporation incorporated under the laws of the state of Delaware with a business location and address for service of process located at 355 Bowery, New York, NY 10003. Defendant 355 Restaurant Group

---

Supplies LLC, Raphael Khutorsky, Ilan Khutorsky, and Jeckson Leonardo are hereinafter collectively referenced as the "SGH Defendants."

LLC was the operating entity for the restaurant and bar "Short Stories" at all times relevant to this action and was Plaintiff's employer within the meaning of the FLSA and NYLL.

7.      Defendant 355 Restaurant Management Group LLC is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 251 Little Falls Drive, Wilmington, DE, 19808. Upon information and belief, 355 Restaurant Management Group LLC was an entity under the control of Defendant Granoff used to operate Short Stories at times relevant to this action and was Plaintiff's and Class Members' employer within the meaning of the FLSA and NYLL.

8.      Defendant Thumbs Capital Group, LLC is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 747 Riversville Rd., Greenwich, CT 06831. Upon information and belief, Thumbs Capital Group, LLC was an entity under the control of Defendant Arnold used to operate Short Stories at times relevant to this action and was Plaintiff's and Class Members' employer within the meaning of the FLSA and NYLL.

9.      Defendant Pir Granoff is a resident of the state of New York and an owner and senior executive of Defendants 355 Restaurant Group LLC and 355 Restaurant Management Group LLC. At all relevant times, Defendant Granoff met the definition of an employer under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), Defendant Granoff exercised control over the terms and conditions of Plaintiff's employment, including by issuing direct instructions to Plaintiff regarding business operations, such as bookings, in November 2022. Defendant Granoff had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiff. Defendant Arnold exercised similar authority over the employment of

3

Class Members. Accordingly, Defendant Granoff was Plaintiff's and Class Members' employer for purposes of the FLSA and NYLL.

10.    Defendant Matthew Arnold is a resident of the State of Connecticut and an owner and senior executive of Defendants 355 Restaurant Group LLC and Thumbs Capital Group, LLC. At all relevant times, Defendant Arnold met the definition of an employer under the FLSA and NYLL, and was an employer of Plaintiff for purposes of all statutes pleaded herein. Defendant Arnold exercised control over the terms and conditions of Plaintiff's employment and the employment of Class Members by controlling payroll and timekeeping systems and issuing compensation to Plaintiff. Plaintiff was issued paystubs by Defendant 355 Restaurant Group LLC under the oversight of Arnold. Defendant Arnold had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiff.

11.    Defendant Sando Supplies LLC ("Sando") is a limited liability company incorporated under the laws of the state of New York. Upon information and belief, Sando operated Short Stories during Plaintiff's employment, entered in a contractual agreement to operate Short Stories jointly with Defendant 355 Restaurant Group LLC and was an employer of Plaintiff within the meaning of the FLSA and NYLL

12.    Defendant Raphael Khutorsky is a resident of the State of New York and an owner and senior executive of Defendant Sando. At all relevant times, Defendant Raphael Khutorsky met the definition of an employer under the FLSA and NYLL as to Plaintiff and Class Members. Defendant Raphael Khutorsky exercised control over the employment terms and conditions of Plaintiff and Class Members and had the power and authority to (i) fire and hire, (ii) determine

rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiff.

13.     Defendant Ilan Khutorsky is a resident of the State of New York and an owner and senior executive of Defendant Sando. At all relevant times, Defendant Ilan Khutorsky met the definition of an employer under the FLSA and NYLL. Defendant Ilan Khutorsky exercised control over the employment terms and conditions of Plaintiff and Class Members and had the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiff.

14.     Defendant Jeckson Leonardo is a resident of the State of New York and, upon information and belief, was at all relevant times, a senior executive of Defendant Sando. At all relevant times, Defendant Jeckson Leonardo met the definition of an employer under the FLSA and NYLL. Defendant Jeckson Leonardo exercised control over the employment terms and conditions of Plaintiff and Class Members and had the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiff.

### JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

15.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 because Plaintiff's overtime claims under the Fair Labor Standards Act ("FLSA") raise a federal question.

16.     This Court has supplemental jurisdiction over Plaintiff's state and city law claims under the New York Labor Law ("NYLL") pursuant to 28 U.S.C. § 1367, as they are so related to the federal claims that they form part of the same case or controversy.

17.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

18.     At all relevant times, Defendants constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), with an annual gross volume of sales made or business done of not less than $500,000.

19.     At all relevant times, each Defendant was an "employer" of Plaintiff within the meaning of the FLSA and NYLL.

20.     Upon information and belief, Short Stories was operated and controlled by the 355 Defendants. In or around the fall of 2022, the 355 Defendants entered into an agreement with the SGH Defendants, initially for the SGH Defendants to manage kitchen operations at Short Stories. Their role rapidly expanded, and in January 2023 the parties entered into an asset purchase agreement providing for the transfer of control of Short Stories to the SGH Defendants while they and the 355 Defendants continued to operate the business collectively during the transition.

21.     During the entirety of Plaintiff's employment, from November 2022 to February 2023, the 355 Defendants and the SGH Defendants jointly and collectively operated Short Stories and functioned as Plaintiff's joint employers, acting together as a single integrated enterprise. They exercised common control over management, finances, and, critically, labor relations, including decisions related to hiring, firing, scheduling, and compensation of Plaintiff and other non-managerial employees.

22.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## RULE 23 CLASS ACTION ALLEGATIONS

23.     Plaintiff seeks relief under Federal Rule of Civil Procedure 23 on behalf of a class consisting of all non-exempt employees employed by Defendants at the restaurant "Short Stories" located at 355 Bowery, New York, NY 10003, from the date six (6) years before the filing of the Complaint to the present (the "Class" or "Class Members").

24.     Throughout the relevant period, Plaintiff and Class Members have been subjected to Defendants' uniform policy and practice of failing to pay spread-of-hours premiums for workdays exceeding ten hours, in direct violation of the NYLL and its implementing regulations.

25.     The proposed Class is so numerous that joinder of all members is impracticable. Upon information and belief, the Class consists of more than forty (40) individuals. The precise number of Class Members is unknown to Plaintiff but is readily ascertainable from Defendants' records.

26.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual members, including, but not limited to, the following:

a.     Whether Defendants implemented a policy or practice of requiring or permitting non-managerial employees to work shifts with a "spread of hours" exceeding ten (10) hours;

b.     Whether Defendants failed to pay Plaintiff and Class Members one additional hour of pay at the minimum wage for each day their spread of hours exceeded ten, as required by 12 N.Y.C.R.R. § 146-1.6;

c.     Whether Defendants' failure to pay spread-of-hours premiums was willful under the NYLL;

d.      The amount of spread-of-hours premiums, liquidated damages, interest, and attorneys' fees and costs owed to Plaintiff and Class Members under the NYLL; and

e.      The proper measure of unpaid spread of hours and liquidated damages owed to the Class Members.

27.    There are at least forty (40) Class Members.

28.    Plaintiff's claims are typical of the claims of the Class Members because Plaintiff and all Class Members were subject to the same unlawful practice, policy, or plan of being denied spread-of-hours premiums, and their claims arise from the same course of conduct by Defendants.

29.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to those of the Class, and he has retained counsel competent and experienced in class action and wage and hour litigation.

30.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Given that the damages suffered by individual Class Members may be relatively small, the expense and burden of individual litigation would make it difficult, if not impossible, for Class Members to vindicate their rights individually. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would entail.

31.    The names and addresses of the Class Members are available from Defendants' records, and Class Members may be notified of the pendency of this action by mail and/or other means permissible under Federal Rule of Civil Procedure 23.

**STATEMENT OF FACTS**

***Plaintiff and the Class Members Suffered Spread-of-Hour Violations***

48.     Plaintiff was employed by Defendants as a cook, booking assistant, and managing assistant from approximately November 14, 2022, through January 1, 2023.

49.     Throughout his employment, Plaintiff's work schedule consistently involved long days, with Plaintiff working shifts exceeding ten (10) hours from beginning to end approximately four to five times per week. On approximately four to five days each week, the interval between the start and end of his workday—defined as the "spread of hours" under New York law—exceeded ten hours.

50.     A typical workday for Plaintiff would begin early in the afternoon for prep and administrative tasks and would not end until late at night after the restaurant closed, resulting in a daily spread of twelve (12) hours or more.

51.     Under the NYLL and its supporting regulations, the "spread of hours" is defined as "the length of the interval between the beginning and end of an employee's workday," and "[t]he spread of hours for any day includes working time plus time off for meals plus intervals off duty." 12 N.Y.C.R.R. § 146-1.6.

52.     On each day on which the spread of hours exceeds 10, employees are entitled to one additional hour of pay at the basic minimum hourly rate.

53.      The regulation further provides that it "shall apply to all employees in restaurants and all-year hotels, regardless of a given employee's regular rate of pay." 12 N.Y.C.R.R. § 146-1.6(d). Spread of hours protection applies to all employees in restaurants regardless of a given employee's regular rate of pay.

54.    Despite Plaintiff consistently working long-spread days easily exceeding 10 hours, Defendants, his employers, never paid him the required spread-of-hours premium.

55.    This unlawful practice applied to all Class Members (all of whom were restaurant employees entitled to spread of hours premium.

56.    Like Plaintiff, Class Members regularly worked shift exceeding 10 hours but never received the additional hour of pay at the basic minimum hourly rate on days when their spread of hours exceeded ten.

57.    This common failure to pay spread-of-hours premiums to Plaintiff and the Class Members forms the basis of the Rule 23 spread-of-hours class claim asserted herein.

***Plaintiff Suffered Unpaid Wages and Overtime - November 2022 – January 2023***

40.    Plaintiff consistently worked approximately fifty (50) to sixty (60) hours per week during this period.

41.    However, Plaintiff received straight-time compensation at a rate of $30 per hour for only thirty (30) hours of work per week.

42.    As a result, Plaintiff was deprived of any compensation whatsoever for approximately 20 to 30 hours of work each week during this period. He never received any additional wages for hours worked in excess of thirty (30) per week and never received any overtime premium for any hours worked over forty (40) per week, in violation of the FLSA and NYLL.

43.    Furthermore, Defendants knowingly and willfully failed to pay Plaintiff any overtime premium compensation for the hours he worked in excess of forty (40) per workweek, in

direct violation of the FLSA and NYLL. At no point did Defendants pay Plaintiff at a rate of one

and one-half times his regular rate of pay for his overtime hours.

***Plaintiff Suffered Unpaid Wages and Overtime - November 2022 – January 2023***

44.     On or about January 1, 2023, Defendants told Plaintiff that he was being promoted

to the role of Managing Assistant and promised to elevate his compensation to a salary of $80,000

per year.

45.     Contrary to this representation, Defendants continued to pay Plaintiff on an hourly

basis (at a rate of $48.08 per hour) for 30-40 hours per week.

46.     Plaintiff's duties did not change as a consequence of the so-called promotion. This

adjustment was purely cosmetic and did not remedy the ongoing wage theft.

47.     Plaintiff's actual workload and required hours remained unchanged, and he

continued to work approximately 50 to 60 hours per week at Defendants' direction to fulfill his

duties as chef and bookings manager. During this period, Defendants never paid Plaintiff anything

for hours exceeding forty (40) in a workweek and never paid him any overtime premium.

48.     Throughout this time, Defendants continued their unlawful policy of wage theft by

failing to pay Plaintiff for any hours worked beyond the forty (40) hours per week reflected on his

paystubs, and by failing to pay him at one and one-half times his regular rate of pay for any

overtime hours.

49.     Consequently, Plaintiff was consistently deprived of compensation for

approximately twenty (20) to thirty (30) hours of overtime work each week from January 1, 2023,

until the end of his employment. Defendants were fully aware that Plaintiff was working these

substantial overtime hours but willfully refused to pay him the legally mandated overtime

premium.

50.     Upon commencement of his employment, and at no point thereafter, did Defendants provide Plaintiff with a wage notice compliant with New York Labor Law ("NYLL") § 195.1. This notice should have contained basic information including his rate of pay and overtime rate. Upon information and belief, Defendants maintained a common policy and practice of failing to provide these legally required notices to Plaintiff and all Class Members at the time of hiring and annually, as required.

52.     In addition to failing to provide wage notices, Defendants knowingly and willfully failed to provide Plaintiff with accurate and itemized wage statements with each payment of wages, in direct violation of NYLL § 195.3. The statements did not accurately state hours worked. Plaintiff engaged TA Legal Group PLLC in this matter and agreed to pay the firm a reasonable fee for its services.

## CAUSES OF ACTION

## COUNT I

## Violation Of The Fair Labor Standards Act (Unpaid Overtime) — Individual Claim

53.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

54.     At all relevant times, Defendants, individually and collectively, were Plaintiff's joint employers within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), with annual gross volume of sales made or business done of not less than $500,000, as alleged above.

55.     Plaintiff was, as a matter of economic reality, an employee of Defendants covered by the FLSA, and not an independent contractor. Among other things, Defendants exercised

significant control over all material aspects of Plaintiff's work; Plaintiff reported directly to the SGH Defendants and received direct instructions from Defendant Granoff; Defendants dictated his schedule, duties, and rate and method of pay; Plaintiff had no opportunity for profit or loss and made no capital investment; his work as a chef and bookings manager did not entail entrepreneurial initiative; his relationship with Defendants was continuous and full time; and his work was integral to the core restaurant and bar operations of Short Stories.

56.    Plaintiff was a non-exempt employee under the FLSA. Plaintiff did not meet the salary-basis or salary-level requirements for any exemption, and his primary duties—cooking and handling bookings—were operational and manual/service-oriented, not management of the enterprise or a department, nor office or non-manual work directly related to management or general business operations. He did not customarily and regularly direct the work of two or more other employees, had no authority to hire or fire, and his suggestions regarding personnel decisions were not given particular weight. He likewise did not exercise discretion and independent judgment with respect to matters of significance. Accordingly, he did not qualify for the bona fide executive or administrative exemptions, or any other exemption, under 29 C.F.R. part 541.

57.    By the acts and omissions described above, Defendants have violated, and continue to violate, the overtime provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay Plaintiff, a non-exempt employee, overtime compensation at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

58.    Defendants' violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a), in that they knew or showed reckless disregard for whether their conduct was prohibited by the FLSA, including by intentionally understating Plaintiff's hours on payroll records, failing

to pay for all hours worked, and never paying any overtime premium despite requiring Plaintiff to work well in excess of forty (40) hours per week.

59.    As a direct and proximate result of Defendants' willful violations of the FLSA, Plaintiff has been damaged in an amount to be determined at trial and is entitled to recover from all Defendants, jointly and severally, his unpaid overtime wages, an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), together with pre-judgment interest to the extent permitted by law, post-judgment interest, and reasonable attorneys' fees and costs.

**COUNT II**
**Violation of New York Labor Law (Unpaid Overtime and Unpaid Minimum/Regular Wages) — Individual Claim**

60.    Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein, including the detailed allegations in Count I demonstrating that Plaintiff was an employee and non-exempt under federal law, which apply to this NYLL overtime claim.

61.    For the same reasons set forth in Count I, Plaintiff was an "employee" of Defendants within the meaning of the New York Labor Law, not an independent contractor, and he does not qualify for any exemption from overtime or minimum wage requirements under the NYLL.

62.    As Plaintiff's joint employers, Defendants violated the New York Labor Law ("NYLL"), §§ 190 *et seq.* and 650 *et seq.*, and the supporting regulations of the New York State Department of Labor, by failing to pay Plaintiff for all hours worked and by failing to pay him the required overtime premium for hours worked in excess of forty (40) per week.

63.    Defendants also knowingly and willfully failed to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay for all hours he worked in

excess of forty (40) per week, in direct violation of the NYLL. At no time during his employment did Defendants pay Plaintiff the required overtime premium for any hours worked above forty (40) in a workweek.

64.     Defendants' violations of the NYLL were willful. This is demonstrated by their intentional scheme to falsify or manipulate payroll records to reflect fewer hours than Plaintiff actually worked, their failure to provide legally compliant wage notices and wage statements as required by NYLL §§ 195.1 and 195.3, and their complete disregard for their statutory payment obligations despite knowing that Plaintiff was working substantial overtime hours.

65.     Due to Defendants' willful NYLL violations, Plaintiff is entitled to recover from all Defendants, jointly and severally, his unpaid straight-time and overtime wages, liquidated damages equal to 100% of the total underpayment, statutory penalties for the wage notice and wage statement violations, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs, pursuant to NYLL §§ 198 and 663.

## COUNT III
## Spread-of-Hours Premiums under NYLL/12 NYCRR §146-1.6 — Rule 23 Class Claim

66.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

67.     On behalf of himself and the Class Members, Plaintiff alleges that Defendants violated the New York Labor Law ("NYLL") and its implementing regulations, specifically New York Codes, Rules, and Regulations, Title 12, Section 146-1.6, by failing to pay spread-of-hours premiums.

68.     Section 146-1.6 defines the "spread of hours" as "the length of the interval between the beginning and end of an employee's workday," and provides that "[t]he spread of hours for any day includes working time plus time off for meals plus intervals off duty."

69.     Pursuant to 12 N.Y.C.R.R. § 146-1.6(a), "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

70.     Under § 146-1.6(c), "[t]he additional hour of pay is not a payment for time worked or work performed and need not be included in the regular rate for the purpose of calculating overtime pay," and § 146-1.6(d) provides that "[t]his section shall apply to all employees in restaurants and all-year hotels, regardless of a given employee's regular rate of pay."

71.     As courts have recognized, amendments to the NYLL effective January 1, 2011 "extended spread of hours protection to 'all employees in restaurants. . . regardless of a given employee's regular rate of pay.'" *Miguel v. Mi Bella Puebla Corp.*, No. 16-CV-01593 (SJ)(RER), 2017 U.S. Dist. LEXIS 145172, at *13 (E.D.N.Y. Sep. 6, 2017).

72.     Defendants implemented and maintained a common policy and practice of requiring Plaintiff and all non-managerial Class Members to work shifts with a spread of hours exceeding ten without paying them the legally mandated one-hour premium at the basic minimum hourly rate.

73.     Throughout their employment, Plaintiff and the Class Members were restaurant employees who regularly worked shifts exceeding a ten-hour spread. Plaintiff, for example, worked four to five such shifts per week. Despite being legally entitled to the premium, Plaintiff and all other non-exempt employees at Short Stories were systematically denied this compensation

as a matter of Defendants' uniform practice, and Class Members, like Plaintiff, were also deprived of all spread-of-hours premiums to which they were entitled.

74.    Defendants' failure to pay these required premiums was willful. This was not an oversight but a deliberate, common practice affecting all non-managerial employees, demonstrating Defendants' knowing disregard for their clear obligations under the NYLL and its regulations.

75.    As a direct and proximate result of Defendants' willful violations, Plaintiff and the Class Members have suffered damages. They are entitled to recover from all Defendants, jointly and severally, their unpaid spread-of-hours premiums, liquidated damages equal to 100% of the underpayment, pre- and post-judgment interest, and reasonable attorneys' fees and costs, pursuant to NYLL §§ 198 and 663.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class Members, respectfully requests that this Court enter judgment in his favor and against Defendants, granting the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL.

b.    An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them from engaging in the unlawful practices, policies, and patterns set forth herein;

c.    Certification of this action, pursuant to Federal Rule of Civil Procedure 23, as a class action on behalf of all non-exempt employees of Short Stories from February 4, 2020 to the present with respect to the NYLL spread-of-hours claim;

d.      Appointment of Plaintiff as Class Representative;

e.      An award of unpaid overtime wages and unpaid straight-time wages under the FLSA and NYLL on Plaintiff's individual claims;

f.      An award of unpaid spread-of-hours premiums for Plaintiff and the Class Members under the NYLL;

g.      An award of liquidated damages equal to 100% of the unpaid wages and spread-of-hours premiums pursuant to the FLSA and the NYLL;

h.      An award of statutory penalties for Defendants' failure to provide compliant wage notices and wage statements under the NYLL;

i.      An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' fees; and

j.      Such other and further legal and equitable relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated:       Huntington, NY
            February 5, 2026

**TA LEGAL GROUP PLLC**
*Attorneys for Plaintiff and Class Members*

By:     _____
       Taimur Alamgir, Esq.
       Matthew J. Daidola, Esq.
       205 East Main Street, Suite 3-2
       Huntington, NY 11743
       (914) 552-2669
       (631) 942-7399
       tim@talegalgroup.com
       matthew@talegalgroup.com